Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 200515-83608
DATE: September 30, 2021

REMANDED

Entitlement to service connection for a left knee disability, to include osteoarthritis and degenerative joint disease (DJD), is remanded.

Entitlement to service connection for sleep apnea is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1977 to March 1978.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a March 2020 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

By way of background, these claims were denied under the legacy system in a November 2014 rating decision. The Veteran timely appealed that decision by submitting a notice of disagreement, and the RO issued a statement of the case in September 2019. The Veteran opted the claims into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a November 2019 Supplemental Claim, which also effectively terminated the legacy appeal. The RO then issued the March 2020 rating decision, and the Veteran timely appealed that decision by submitting a May 2020 VA Form 10182 (Decision Review Request: Board Appeal), identifying the March 2020 decision. Therefore, the March 2020 decision is the agency of original jurisdiction (AOJ) decision on appeal.

On the May 2020 VA Form 10182, the Veteran requested the AMA Direct Review docket for reevaluation of the evidence considered by the RO. Thus, the record closed on the date of the March 2020 decision. See 38 C.F.R. § 20.301. Further, by choosing Direct Review by a Veterans Law Judge, the Veteran declined a Board hearing and agreed not to submit any additional evidence in support of this appeal.

However, the Veteran may file a Supplemental Claim and submit or identify other evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this remand.

The Board notes that the March 2020 decision indicates that the left knee issue remains denied because the evidence submitted is not new and relevant and that the previous denial of the sleep apnea issue is confirmed and continued. However, although specific favorable findings were not made within the March 2020 decision regarding whether there was new and relevant evidence sufficient to readjudicate either the left knee or sleep apnea issue on the merits, it is clear from the body of that decision that the Veteran's service connection claims pertaining to the left knee and sleep apnea were considered on the merits. See generally 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c). Accordingly, the Board deems the finding of new and relevant evidence an implicit part of the March 2020 decision for both claims and, thus, finds no further need address whether new and relevant evidence was submitted to readjudicate the claims.

1. Entitlement to service connection for a left knee disability, to include osteoarthritis and DJD, is remanded.

At the time of the March 2020 decision, the evidence included a statement from the Veteran received in November 2019 (with his supplemental claim) indicating he experienced left knee pain and problems during service but was told "to get back to base." He contends he was told by a doctor he needed two-weeks recovery time, but the military told him to "shape up and get over it." He further explained he did experience continuous problems with his left knee directly after service, but simply wore knee braces as he did not know he was eligible for VA medical help. 

The Veteran's service treatment records (STRs), to include a February 1978 separation examination, are negative for knee complaints or treatment, although a February 1978 report of medical history shows that the Veteran indicated having unspecified swollen or painful joints.

Several decades after service, VA treatment records show that the Veteran has sought physical therapy for DJD and osteoarthritis of both knees. See, e.g., February 19, 2009, and September 15, 2008, VA Treatment Records. Additionally, a July 1, 2019, VA treatment record shows that the Veteran has had a total knee arthroplasty in both knees.

In the November 2019 statement, the Veteran's representative argues that a VA examination is warranted based on the Veteran's statements regarding experiencing knee pain during service that has continued since service. The Board agrees.

As noted above, the record closed on the date of the March 2020 decision. Thus, at the time of the March 2020 decision, the Board finds the AOJ's failure to afford the Veteran a VA examination constituted a pre-decisional duty to assist error.

The Secretary is required to provide a medical examination or opinion "if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim" and (1) the record contains competent evidence of a current diagnosed disability or persistent or recurrent symptoms of disease; (2) the evidence establishes that the veteran suffered an in-service event, injury or disease; (3) and the evidence indicates that the claimed disability or symptoms may be associated with the established in-service event, injury or disease or with another service-connected disability. 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet.App. 79, 85-86 (2006). 

The third prong of the analysis sets a "low threshold." McLendon v. Nicholson, 20 Vet.App. 79, 83 (2006). As the Court explained in McLendon, evidence that might indicate a potential association between a current disability and service may include "medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits, or credible evidence of continuity of symptomatology such as pain or other symptosm capable of lay observation." Id. 

The low threshold requires that the evidence "indicates" that there "may" be a causal nexus between the disability or persistent symptoms of a disability and military service. McLendon, 20 Vet.App. at 83.

In this case, the Veteran contends he complained of left knee symptoms / problems during service but was told to "shape up and get over it." His service treatment records, at a minimum, show vague complaints of swollen and painful joints. The Veteran further contends continuous issues with his left knee where he self-treated the issue for years by wearing knee braces because he was unaware he qualified for VA medical care. Although there is no objective corroborating evidence, the Board finds the Veteran is competent to report his lay observations of his own symptoms and events since service. Thus, for purposes of triggering VA's duty to obtain a VA examination, the "low threshold" had been met prior to the March 2020 rating decision.

As such, the failure to afford the Veteran an examination in this case constitutes a pre-decisional duty to assist error and a remand is required in order to afford the Veteran said VA examination and opinion that addresses his contentions regarding experiencing left knee pain during service that has continued since then.

2. Entitlement to service connection for sleep apnea is remanded.

In the November 2019 statement with his supplemental claim (prior to the March 2020 rating decision), the Veteran contends that his sleep apnea is directly related to service because he has been unable to sleep properly since an in-service car accident, and in the alternative, that his sleep apnea is secondary to his service-connected traumatic brain injury (TBI) and that submitted medical articles support the secondary theory.

The Veteran's STRs include a December 2, 1977, record showing that he sought treatment after an auto accident and a February 2018 report of medical history showing that the Veteran complained of frequent trouble sleeping.

The Veteran was afforded VA examinations in November 2018 and February 2020. The November 2018 examiner reported a diagnosis of obstructive sleep apnea in 2007 and provided a negative nexus opinion, reasoning that the Veteran's sleep apnea was diagnosed almost 40 years post service and that he does not have any STRs that concern sleep apnea. The February 2020 examiner provided a negative direct service connection opinion and also a negative secondary service connection opinion, reasoning that sleep apnea and TBI are two conditions that are not related and "medical literature does not support a medical relationship."

As noted above, the record closed on the date of the March 2020 decision. However, in light of the Veteran's arguments, the Board finds that remand is warranted to correct a pre-decisional duty to assist error.

The Board finds the opinions are inadequate to adjudicate the claim at this time. As the Veteran's representative argues in the November 2019 statement, the May 2018 examiner did not consider the STR showing that the Veteran complained of frequent trouble sleeping, and the February 2020 examiner did not consider the submitted medical articles suggesting a link between TBI and sleep apnea. Furthermore, the February 2020 examiner failed to opine on whether TBI aggravated the Veteran's sleep apnea in accordance with El-Amin v. Shinseki, 26 Vet. App. 136, 140-41 (2013). Thus, remand is necessary for a new opinion, and examination if deemed necessary, that adequately addresses the Veteran's contentions regarding his sleep apnea being directly related to service and being caused or aggravated by his service-connected TBI.

The matters are REMANDED for the following action:

1. Ask an appropriate examiner (for the left knee) to review the Veteran's file. The necessity of an in-person examination and any appropriate testing is left to the discretion of the examiner.

The examiner should identify any left knee condition that the Veteran has (to include consideration of DJD and osteoarthritis noted in the record) and opine as to whether any such condition as likely as not: (a) had an onset in service; (b) for arthritis, manifested within a year of service; or (c) is otherwise related to service, to include consideration of the Veteran's contention that he had left knee pain during service but was directed "to shape up and get over it;" that such pain continued since service and he wore knee braces for treatment; and that the February 1978 report of medical history shows complaints of swollen or painful joints.

In providing the above requested opinions, the examiner should consider all medical and lay evidence of record, specifically addressing the Veteran's lay statements regarding experiencing left knee pain during and since service.

The examiner must provide a complete rationale for his or her opinions in the examination report. If the Veteran and/or his representative's arguments are discounted, the examiner should provide a rationale for doing so (e.g., whether there is any medical reason to accept or reject the contentions).

2. Ask an appropriate examiner (for sleep apnea) to review the Veteran's file. The necessity of an in-person examination and any appropriate testing is left to the discretion of the examiner.

The examiner should opine as to whether it at least as likely as not that the Veteran has sleep apnea that: (a) had an onset in service or (b) is otherwise related to service, to include consideration of the Veteran's contentions that he has had trouble sleeping since a 1977 auto accident and consideration of a February 1978 report of medical history showing that the Veteran complained of frequent trouble sleeping.

Additionally, the examiner should opine (c) as to whether it is at least as likely as not that the sleep apnea is caused or aggravated by the service-connected TBI, to include consideration of the submitted medical articles suggesting a relationship between TBI and sleep apnea.

With regard to the term "aggravated," as used in 38 C.F.R. § 3.310(b), the examiner is cautioned that this term does not require that there be "permanent worsening" of the nonservice-connected disability. Instead, secondary service connection is warranted for "any incremental increase in disability and any additional impairment of earning capacity in nonservice-connected disabilities resulting from service-connected conditions, above the degree of disability existing before the increase regardless of its permanence." See Ward v. Wilkie, 31 Vet. App. 233, 239 (2019).

In providing the above requested opinions, the examiner should consider all medical and lay evidence of record, specifically addressing the STRs and medical articles noted above.

(Continued on the next page)

 

The examiner must provide a complete rationale for his or her opinions in the examination report. If the Veteran and/or his representative's arguments are discounted, the examiner should provide a rationale for doing so (e.g., whether there is any medical reason to accept or reject the contentions).

3. After the above development and any other development deemed necessary is completed, readjudicate the claims.

 

 

SHEREEN M. MARCUS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Santiago, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.